■ In the Matter of County Dollar Corp., Respondent, v City of Yonkers et al., Appellants. — In a consolidated proceeding pursuant to article 7 of the Real Property Tax Law to review assessments on petitioner's real property for the assessment years 1962 through 1976, the City of Yonkers, its Assessor and its Board of Review appeal from an order of the Supreme Court, Westchester County, dated March 2, 1979, which denied their post-trial motion "for an order relieving them from a written stipulation as to equalization ratios for the assessment years 1971 through 1976, and a further order determining that [the] so-called 'classified rates' for the City of Yonkers are applicable for said years." Order affirmed, with $50 costs and disbursements. In our opinion the stipulation should not be vacated, for the reasons set forth in the trial court's decision denying appellants' motion which was made at the conclusion of the trial. We take particular note of: (1) the more than three-month time span from the effective date of the subject legislation (L 1978, ch 476) to appellants' motion; (2) the evidence in the record that appellants' attorneys should have, and must have, been cognizant of the subject legislation during that period; and (3) the extreme prejudice to petitioner, expressed in the affidavit of its counsel in opposition to the motion, as follows: "Petitioner also gave up much in consideration for

this stipulation. Petitioner had commissioned an annual sales study by random sample selection (due to the exceedingly large number of total sales occurring in Yonkers each year). That study, which took several years, was completed for most of the years at issue, at an actual cost to Petitioners [sic] in excess of $15,000, and indicated for the 10 years for which the study had been completed a ratio to full value approximately 5 to 10 points below the corresponding state rate. That this study would be the true thrust of Petitioner's proof of ratio was communicated to Mr. Forbes [appellants' special counsel] at the time the stipulation was being negotiated (both counsel agreeing that the selected parcel method was of little probative worth, but essential to a ratio trial for years at issue prior to 1970). In reliance upon the stipulation, Petitioner discontinued its annual sales study for the remaining years, absorbed the loss of $15,000 in trial preparation cost for the study already completed and withdrew its proposed order to compel selection of parcels. If [appellants] are now permitted to withdraw from the stipulation at this late date, it would be practically impossible to reinstitute the annual sales study since one of the key parties to its production has since died and the expense of reverifying all his work would be prohibitive and the task likely impossible." Since the stipulation should not be vacated, the fact that subdivisions 3, 4, and 5 of section 307 of the Real Property Tax Law have been declared unconstitutional is not relevant to this appeal (see *Matter of Slewett & Farber v Board of Assessors of County of Nassau,* 78 AD2d 403). Lazer, J.P., Mangano, Cohalan and O'Connor, JJ., concur.